IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MAMA'S SALSA, INC., | ) |
| | )     8:10CV4 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     MEMORANDUM AND ORDER |
| MASTRONARDI PRODUCTS LIMITED, | ) |
| | ) |
| Defendant. | ) |
| | ) |

      This matter is before the court on defendant Mastronardi Products Limited's ("Mastronardi") motion for summary judgment, Filing No. 25. Three related cases are relevant to the disposition of the motion for summary judgment. First, plaintiff Mama's Salsa, Inc. ("Mama's") was a defendant in a Canadian case, wherein Mastronardi sued Mama's on claims arising out of the same contract with substantially the same issues as in the case before this court. *See* Filing No. 25, Ex. Nos. 4 and 5. Mastronardi obtained a default judgment in the Canadian case against Mama's.[1] The second case is one filed by Mama's against Mastronardi in Harlan County, Nebraska, alleging substantially the same claims and issues as in the third case, which is the one before this court.[2] The District Court of Harlan County dismissed the state case, finding the case should be tried in Canada. *See* Filing No. 25, Ex. 1, Ex. 2. Mama's did not timely appeal the adverse ruling in state court. Filing No. 25, Ex. 3. Mastronardi notes that at the time of the Harlan County ruling dismissing the case, there was no Canadian judgment yet entered against

---

[1]Mama's was properly served but did not appear in the Canadian case.

[2]The court notes that Mama's waited two years after the default in Canada and ten months after the dismissal in Harlan County before filing this federal court action.

Mama's, and the state court judge believed that all issues should be tried in the Canadian case. Jurisdiction in this case is based on diversity pursuant to 28 U.S.C. § 1332(a)(1).

Mama's is incorporated in Nebraska and Mastronardi in Ontario, Canada. Mama's is a salsa producer and also markets and distributes salsa. Mastronardi is a fresh produce distributor in Leamington, Ontario. Mama's began producing Sunset Campari Salsa on behalf of Mastronardi in 2005. The parties entered into a contract in 2007 that was to run until 2009 for the sale and purchase of Sunset Campari Salsa. Mastronardi contended in the Canadian lawsuit that Mama's shipped it at least 5,700 cases of spoiled and unacceptable product. The contract provided that the laws of Ontario, Canada, would apply and further provided that venue was appropriate in Ontario or in the State of Nebraska.

## DISCUSSION

### A. *Rooker-Feldman*

Mastronardi argues that the *Rooker-Feldman* doctrine bars Mama's claims. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Mastronardi makes this argument because (1) Mama's was a party in a similar lawsuit in Canada, and (2) the state law cause of action in Harlan County, Nebraska, was dismissed pursuant to Neb. Rev. Stat. § 25-538[3], because it duplicated the Canadian case. "The *Rooker-Feldman* doctrine provides that, "with the

---

[3] This section states: "When the court finds that in the interest of substantial justice the action should be heard in another forum, the court may stay or dismiss the action in whole or in part on any conditions that may be just." Neb. Rev. Stat. § 25-538.

2

exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments," *Mosby v. Ligon*, 418 F.3d 927, (8th Cir. 2005) citing *Ballinger v. Culotta*, 322 F.3d 546, (8th Cir. 2003). "The doctrine bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging "injury caused by the state-court judgment and seeking review and rejection of that judgment," *Id.* citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

The Eighth Circuit has repeatedly held that the *Rooker-Feldman* doctrine is to be applied narrowly. *See Minch Family LLLP v. Buffalo-Red River Watershed Dist.*, 628 F.3d 960, 965 (8th Cir. 2010). Mama's argues that this court should not apply the *Rooker-Feldman* doctrine to this case. In support of this argument Mama's contends that it did not receive notice of the Canadian case until after it filed the Harlan County case. Mama's contends it cannot afford to fight a lawsuit in Canada and asks this court for an opportunity to litigate on the merits, which to date, it argues, has not occurred. Mama's contends that it is not asking this court to review either the Canadian or Harlan County decisions. Mama's argues:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Exxon Mobil Corp.*, 544 U.S. at 284-86.

The Eighth Circuit recently stated:

> Once a party has litigated in state court, however, he "cannot circumvent *Rooker-Feldman* by recasting his or her lawsuit as a [section] 1983 action."

> *Bechtold v. City of Rosemount,* 104 F.3d 1062, 1065 (8th Cir.1997). In other words, if a litigant has raised and lost claims in state court, he may not recast those claims under section 1983 and try again. He must follow the appellate procedure through the state courts and seek review before the Supreme Court.

*Dodson v. University of Ark. for Med. Sciences*, 601 F.3d 750, 754 (8th Cir. 2010).

The court finds that it is clear Mama's lost in state court, that Mama's complains of injuries caused by the state court judgment, and that this judgment was rendered prior to the filing of the federal court action. However, the court does not agree that it has to review and reject the findings of the state court judge. Mama's is not asking this court to overturn the state court decision. In keeping with the guidance of the Eighth Circuit, this court will construe the *Rooker-Feldman* doctrine very narrowly and conclude that it need not directly review the state court case as requested by Mastronardi.

The court notes, however, that it does not matter to the result in this case whether the court applies the *Rooker-Feldman* doctrine. If applied, it arguably would bar the claim in this case, and if not applied as this court has determined, the federal case is still dismissed under collateral estoppel/res judicata and comity considerations as discussed hereinafter.

### B.  Collateral Estoppel/Res Judicata

Mastronardi argues that Mama's is barred by collateral estoppel and res judicata. "Under Nebraska law, collateral estoppel will preclude further litigation of a specific issue if (1) the identical issue was decided in a prior action; (2) there was a final judgment on the merits; (3) the party against whom the rule is to be applied was a party to, or is in privity with a party to, the prior action; and (4) there was an opportunity to fully and fairly litigate the issue in the prior action," *Ashton Optical Imports, Inc. v. Incite Intern., Inc.*, 266

4

F. Supp.2d 1027, 1031 (D. Neb. 2003). Under res judicata "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Yankton Sioux Tribe v. U.S. Dept. of Health and Human Services, 533 F.3d 634 (8th Cir. 2008), *citing* Allen v. McCurry, 449 U.S. 90, 94(1980); *see also* Knutson v. City of Fargo, 600 F.3d 992, 996 (8th Cir. 2010) (noting that federal courts must give preclusive effect to judgments of state courts, and full faith and credit comprises the law on issue and claim preclusion, which is not considered a jurisdictional matter). Mama's argues that neither one of these doctrines applies, as it has not yet litigated the merits of the case.

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979) (citations omitted). Application of both doctrines is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions. Montana v. United States, 440 U.S. 147, 154 (1979). Unlike res judicata, however, collateral estoppel will in some cases bar relitigation of a particular issue even where both disputing parties were not bound by the earlier judgment. Parklane, 439 U.S. at 327-28, 331. This added potential for binding effect operates fairly only because collateral estoppel requires that the issue have been fairly and fully litigated in the first suit, and that it be necessarily decided by that suit's outcome. *Id.* at 327.

Collateral estoppel is an issue of substantive law requiring the application of state law in diversity actions. Jaramillo v. Burkhart, 999 F.2d 1241, 1243 (8th Cir. 1993). Under

5

Nebraska law, collateral estoppel will preclude further litigation of a specific issue if: (1) the identical issue was decided in a prior action; (2) there was a final judgment on the merits; (3) the party against whom the rule is to be applied was a party to, or is in privity with a party to, the prior action; and 4) there was an opportunity to fully and fairly litigate the issue in the prior action. *Woodward v. Andersen,* 627 N.W.2d 742, 749 (Neb. 2001).

An issue is identical "in the absence of a significant factual change." *Kopecky v. National Farms, Inc.,* 510 N.W.2d 41, 49 (Neb. 1994). An unreviewed administrative hearing can preclude later litigation of the same issues, so long as the administrative body was acting in a quasi-judicial capacity with jurisdiction of the parties and subject matter. *Scott v. Mattingly,* 488 N.W.2d 349, 351-52 (Neb. 1992). Moreover, a party's appeal of a decision does not affect the conclusiveness of the decision for collateral estoppel purposes. *Peterson v. Nebraska Nat. Gas,* 281 N.W.2d 525, 527 (1979).

The court finds that the doctrines of collateral estoppel and res judicata apply in this case. Mama's brought the identical case in state court as it did in federal court. The state court judge reviewed the records of both the Ontario case and the state court case. The state court judge determined, and this court agrees, that jurisdiction was appropriate in Ontario and that the contract required the application of Canadian law; that the interests of judicial economy, the possibility of piecemeal litigation, inconsistent determinations, and duplicate costs and expenses weighed in favor of having the case tried in Canada. Further, after the Nebraska state court judge dismissed the case, Mama's failed to timely appeal such dismissal to the Nebraska Court of Appeals. This court also finds that the parties and legal issues are the same in both the other two lawsuits, venue was appropriate in Ontario, the Ontario case was filed before the Nebraska state court case,

that both the ruling in Ontario and the ruling in state court acted as a final ruling on the merits, and that Mama's had an "opportunity" to fully litigate this case and chose not to do so. The argument by Mama's that there was insufficient money is not an excuse for failure to defend a lawsuit or for permitting entry of default. Accordingly, the court finds that the doctrines of res judicata and collateral estoppel apply in this case and bar the further litigation in federal court.

### C. Comity

Further, Mastronardi argues this court should recognize the Canadian judgment as a matter of comity. Mastronardi notes that Canadian judgments have been recognized and/or upheld in courts in this district and others. *See Smith v. Toronto-Dominion Bank,* 166 F.3d 1222 (10th Cir. 1999*); DeShazo v. Nations Energy Co. Ltd.,* 286 Fed. Appx. 110 (5th Cir. 2008)*; Leitch v. Leitch*, 382 N.W.2d 448  (Iowa 1986); *Schepers v. Terex Corp.*, 441 F. Supp.2d 1004, (N.D. Iowa 2006); *Ventas, Inc. v. Health Care Property Investors, Inc.*, 635 F. Supp.2d 612 (W.D. Ky. 2009). In addition, Canada recognizes default judgments as final judgments. *See De Morales v. LaFontaine-Rish Medical Group Ltd.*, [2009] O.J. No. 2572; *Skaggs Companies, Inc. v. Mega Technical Holdings Ltd.*, 2000ABQB 480. This court agrees and recognizes the judgment of the Ontario court in this case.

Mama's has two judgments entered against it to date. One it chose not to defend and the other it chose not to appeal. This choice was deliberate and Mama's must bear the consequences of such a decision.

THEREFORE, IT IS ORDERED that Mastronardi's motion for summary judgment, Filing No. 25, is granted and this case is dismissed. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 30th day of March, 2011.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.